## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **INDUSTRIA LECHERA DE PUERTO RICO INC.,**<br><br>Plaintiff<br><br>v.<br><br>**CARLOS FLORES,** in his official capacity as SECRETARY OF THE PUERTO RICO DEPARTMENT OF AGRICULTURE; **MARIA DEL CARMEN MARTINEZ CAMPOS**, in his official capacity as, INTERIM ADMINISTRATOR OF THE PUERTO RICO MILK INDUSTRY REGULATORY OFFICE<br><br>Defendant | Civil No. 17-1885 (DRD)<br><br>Removed Action for Review of Administrative Order |

### PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FILED BY ORIL (DOCKET NO. 14)

**TO THE HONORABLE COURT:**

COMES NOW, Industria Lechera de Puerto Rico, Inc. ("INDULAC" or "Plaintiff"), through its undersigned attorneys, and who most respectfully **STATES** and **PRAYS** as follows:

1. On July 12th, 2017, the Administrator of the Puerto Rico Milk Industry Regulatory Office ("ORIL") filed a *Motion to Dismiss for Failure to State a Claim* (Dkt. No. 14) (the "*Motion to Dismiss*") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

2. The *Motion to Dismiss* should be denied inasmuch (i) INDULAC alleged sufficient well-pleaded facts to show that it has a plausible entitlement to relief or (ii) because the motion doesn't comply with Rule 56 of the FRCP.

3. Rule 12(b)(6) of the FRCP allows a defendant to assert by motion the defense of failure to state a claim upon which a relief can be granted. The motion shall be filed "before pleading if a responsive pleading is allowed." It should be noted that if on a motion under Rule 12(b)(6) "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." See, Rule 12(d) of the FRCP.

4. It is well settled that a motion under Rule 12(b)(6) is considered by accepting "as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff". Johnson v. Departamento De Correccion y Rehabilitación, 2017WL2589273 (D. Puerto Rico, June 14th, 2017) (DRD), citing, Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). In other words, when considering a motion under Rule (b)(6) the court shall not consider matters outside the well-pleaded facts included in the complaint.

5. In the *Motion to Dismiss* ORIL brought matters outside INDULAC's pleadings. Specifically, ORIL brought to the attention of this Honorable Court sixteen (16) facts ("the Additional Facts") that were not alleged in INDULAC's *Petition to Review an Administrative Order*. See, pages 4-7 of the *Motion to Dismiss*.

6. As such, the Court has two procedural alternatives: (i) exclude all the facts brought by ORIL that were not included in INDULAC's allegations or (ii) treat the motion as one for summary judgment under Rule 56.

7. If this Honorable Court excludes the Additional Facts that were not included in INDULAC's allegations, it shall be concluded that Plaintiff's *Petition to Review an Administrative Order* alleges sufficient facts to show that it has a plausible entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

8. Specifically, if accepted as true, the well pleaded facts in INDULAC's *Petition to Review an Administrative Order* reveal that (i) on May 31st, 2017, ORIL promulgated a price order increasing the price of UHT Milk in Puerto Rico ("2017 Price Order"), (ii) ORIL didn't notified the affected parties of their right to seek judicial review from the 2017 Price Order and (iii) ORIL promulgated the 2017 Price Order without holdingpublic hearings, (iv) without the appearance of the Secretary of Consumer Affairs of Puerto Rico, and (v) without a study of the market and milk industry specifying the effects and justification for the price increase. Those well pleaded facts are sufficient to show that INDULAC has a plausible entitlement to relief, due to the fact, among other things, that ORIL didn't comply with the procedural requirements established in its own organic law for the proper promulgation of a price order.

9. It should be noticed that, even though the 2017 Price Order states that it was promulgated pursuant to ORIL's Organic Act, Act 34-1957, as amended, ORIL didn't comply with the requirements established in said Act for the promulgation of the same. ORIL's contradictory position shall, at least, be carefully evaluated and not be summarily disposed.

10. If this Honorable Court doesn't exclude the Additional Facts, then the *Motion to Dismiss* has to be treated as one for summary judgment under Rule 56 and INDULAC "must be given a reasonable opportunity to present all the material that is pertinent to the motion", which includes the opportunity to conduct full discovery.

11. In addition, under this second scenario it should be noted that the *Motion to Dismiss* doesn't comply with Rule 56. Specifically, even though some of the Additional Facts are taken from the docket of Case No.04-1840, many of those Additional Facts lack supporting admissible evidence. For example, the following Additional Facts presented by ORIL are not supported by admissible supporting evidence: 9, 12, 20, 21, 22 and 23. Moreover, many of the Additional Facts are merely ORIL's counsel interpretation of the reality and/or are misrepresented.

12. Considering the above we respectfully submit that the *Motion to Dismiss* should be denied (i) because INDULAC included well pleaded facts that are sufficient to show that it has a plausible entitlement to relief or (ii) because it doesn't comply with Rule 56.

**WHEREFORE**, INDULAC respectfully request this Honorable Court to deny ORIL's *Motion to Dismiss* (Dkt. No. 14).

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

In Guaynabo, Puerto Rico, on this 20th day of July, 2017.

**COUNSEL FOR INDULAC**

**MARICHAL, HERNANDEZ, SANTIAGO & JUARBE, LLC**
P.O. Box 190095
San Juan, Puerto Rico 00919-0095
Phone: (787) 753-1565
Fax: (787) 763-1704

/s/ Rafael M. Santiago-Rosa
**Rafael M. Santiago-Rosa**
USDC P.R. No.211705

/s/ José R. Negrón-Fernández
**José R. Negrón-Fernández**
USDC P.R. No.212713

/s/ Vanessa Medina-Romero
**Vanessa Medina-Romero**
USDC P.R. No.219403